## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DOUGLAS PRENTICE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-12-1235-M |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| LOVE, BEAL & NIXON, P.C. and | ) | |
| ASSET ACCEPTANCE, LLC., | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

### NATURE OF ACTION

1.       This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.       This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.       Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

### PARTIES

4.       Plaintiff, Douglas Prentice ("Plaintiff"), is a natural person who at all relevant times resided in the State of Oklahoma, County of Kay, and City of Blackwell.

5.       Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.       Defendant, Love, Beal & Nixon, P.C. ("LBN"), is an entity which at all

relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.  Defendant, Asset Acceptance, LLC ("Asset"), is an entity that acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

8.  LBN and Asset (collectively, "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.  Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than LBN.

10.  Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than LBN, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely a Citibank personal credit card (the "Debt").

11.  LBN uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12.  Asset purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

13.  Asset acquired Plaintiff's debt once owed or once due, or asserted to be

once owed or once due a creditor, when the debt was in default.

14.    Asset is thoroughly enmeshed in the debt collection business, and Asset is a significant participant in LBN's debt collection process.

15.    In connection with the collection of the Debt, LBN, itself and on behalf of Asset, sent Plaintiff initial written communication dated August 1, 2012, and in such communication, demanded payment from Plaintiff. (See August 1, 2012 Correspondence, attached as Exhibit 1).

16.    LBN's August 1, 2012 initial communication was placed on LBN's law firm letterhead and appears to be hand-signed by an individual, but under the signature, it states "Love, Beal & Nixon, P.C." and does not indicate which individual signed the communication.

17.    If an attorney did not sign LBN's August 1, 2012 letter, the letter falsely represents that an attorney did sign the letter.

18.    LBN's August 1, 2012 initial communication did not contain a statement that at the time the letter was sent, no attorney with LBN's law firm had reviewed the particular circumstances of Plaintiff's alleged debt.

19.    Upon information and good-faith belief, no attorney had meaningfully reviewed the particulars of Plaintiff's account prior to LBN's mailing of its August 1, 2012 correspondence.

20.    Upon information and good-faith belief, the August 1, 2012 letter is based upon a form or template and is sent as a matter of course when LBN first receives an account for collection.

21.     Therefore, LBN's August 1, 2012 initial communication falsely represented the level of attorney involvement in the collections process.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(3)**
**LBN**

22.     Plaintiff repeats and re-alleges paragraphs 1-21 above.

23.     LBN violated 15 U.S.C. § 1692e(3) by falsely representing or implying that any individual is an attorney or that any communication is from an attorney, and falsely representing the level of attorney involvement in the collections process.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that LBN violated 15 U.S.C. § 1692e(3);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(3)**
**ASSET**

24.     Plaintiff repeats and re-alleges paragraphs 1-21 above.

25.     LBN violated 15 U.S.C. § 1692e(3) by falsely representing or implying that any individual is an attorney or that any communication is from an attorney, and falsely representing the level of attorney involvement in the collections process.

26.     Asset, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of LBN, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Asset violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
## LBN

27.     Plaintiff repeats and re-alleges paragraphs 1-21 above.

28.     LBN violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not

limited: misrepresenting the level of attorney involvement in the collections process.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LBN violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## ASSET

29.     Plaintiff repeats and re-alleges paragraphs 1-21 above.

30.     LBN violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt.

31.     Asset, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of LBN, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Asset violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32.  Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 7th day of November, 2012

By: s/Alex D. Weisberg
Alex D. Weisberg
WEISBERG & MEYERS, LLC
5722 South Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 facsimile
AWeisberg@AttorneysForConsumers.com
Attorneys for Plaintiff